UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HUGHES, | 1:11-CV-01299 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| MARIPOSA COUNTY SUPERIOR COURT, | |
| | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| Respondent. | |

On August 5, 2011, Petitioner filed the instant petition for writ of habeas corpus in this Court. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In this case, Petitioner states he was convicted in the Mariposa County Superior Court and is currently pending appeal in the California Court of Appeal, Fifth Appellate District.  He files the instant petition to request copies of his transcripts.  The petition does not present cognizable claims for relief in that Petitioner is not challenging his conviction or the legality of his custody.  Habeas corpus is not appropriate vehicle to obtain transcripts from the state courts.  Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.

Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>   (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>         (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>         (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability

U.S. District Court
E. D. California          cd                                           2

1  "if jurists of reason could disagree with the district court's resolution of his constitutional claims or
2  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed
3  further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the
4  petitioner is not required to prove the merits of his case, he must demonstrate "something more than
5  the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at
6  338.

   In the present case, the Court finds that reasonable jurists would not find the Court's
determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or
deserving of encouragement to proceed further.  Petitioner has not made the required substantial
showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a
certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


    IT IS SO ORDERED.

   **Dated:  September 7, 2011**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE